IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARCUS GRIGGS,  #261331, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:11-CV-869-WKW |
| | ) | [WO] |
| | ) | |
| OFFICER FREEMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause of action is pending before the court on a 42 U.S.C. § 1983 complaint

filed by Marcus Griggs ["Griggs"], a state inmate, on October 12, 2011.  In his complaint,

Griggs challenges actions taken against him at the Bullock Correctional Facility after he

provided unauthorized food to another inmate and engaged in a verbal altercation with

correctional officials, including the defendant.

Pursuant to the orders of this court, the defendant filed written reports supported by

relevant evidentiary materials in which he addressed the claims for relief presented by

Griggs. The reports and evidentiary materials refute the allegations presented in the instant

cause of action. Specifically, the documents indicate that the defendant did not act in

violation of the plaintiff's constitutional rights.The court thereafter issued an order

directing Griggs to file a response to the written reports.  *Order of January 6, 2012 - Doc.*

*No. 14*.  This order advised Griggs that his failure to respond to the defendant's written

reports would be treated by the court "**as an abandonment of the claims set forth in the**

**complaint and as a failure to prosecute this action**." *Id*. at 1 (emphasis in original).

Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a**

**response in compliance with the directives of this order**" would result in the dismissal

of this civil action. *Id*.  The time allotted Griggs for filing a response in compliance with

the directives of the aforementioned order expired on January 26, 2012. As of the present

date, Griggs has failed to file a response in opposition to the defendant's written reports.

In light of the foregoing, the court concludes that this case should be dismissed.

The court has reviewed the file in this case to determine whether a less drastic

measure than dismissal is appropriate. After such review, it is clear that dismissal of this

case without prejudice is the proper course of action.  Griggs is an indigent inmate.  Thus,

the imposition of monetary or other punitive sanctions against him would be ineffectual.

Additionally, Griggs has failed to comply with the directives of the orders entered in this

case. It is therefore apparent that any additional effort by this court to secure his

compliance would be unavailing.  Consequently, the court concludes that the plaintiff's

abandonment of his claims, his failure to comply with the orders of this court and his

failure to properly continue prosecution of this cause of action warrant dismissal of this

case.

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge

that this case be dismissed without prejudice.  It is further

ORDERED that on or before February 22, 2012, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 8th day of February, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE